# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXANDRA HLISTA, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 13-835 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| SAFEGUARD PROPERTIES, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Defendants' Motions for Judgment on the Pleadings (Docs. 39 & 44) will be granted regarding Plaintiffs' federal claims, and the Court will decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

The operative allegations and legal theories in this case are, in material respects, indistinguishable from the ones addressed in Platek v. Safeguard Properties Inc., 2014 WL 2808908 (W.D. Pa. Jun. 19, 2014) (Bissoon, J.). There, the Court rejected the plaintiff's attempts to "federalize" claims against Safeguard based on property preservation activities gone-awry. The Court found that filtering such claims through the FDCPA, while understandably attractive to plaintiffs and their counsel, may "interject a complex federal law regime into seemingly routine behavior traditionally governed by more common-sense state and common law principles." *See id.* at *1-2 (citation to quoted source omitted); *see also id.* (noting one source's doubt that such treatment yields "an accompanying, proportional benefit to . . . consumer[s at large]").

Although the Platek decision was limited to the allegations then before the Court, there appears no meaningful basis for distinguishing them from the instant case, as Plaintiffs' counsel seems to implicitly concede. *See* Pls.' Opp'n Br. (Doc. 42) at 14 n.8 (acknowledging inconsistency between Plaintiffs' positions and requesting that Court revisit Platek). The Court does not agree, however, that Platek should be revisited, and allowing Plaintiffs to proceed here would be irreconcilable with that decision. Thus, Defendants' Motions will be granted regarding Plaintiffs' claims under the FDCPA.[1]

A question that remains is whether Plaintiffs' allegations may be recast under RICO (the only other federal cause) to reach a different result. The Court concludes that they may not, and it agrees with, and hereby adopts, the reasoning in Defendants' briefing, which is supported by federal court decisions rejecting materially similar allegations. *See* Safeguard's Br. (Doc. 40) at 6-8 (Plaintiffs' allegations fail to adequately identify conspiratorial conduct, under Federal Rule 9 or otherwise); *id.* at 8-11 (arguing, convincingly, that Plaintiffs have failed to sufficiently plead substantive RICO elements, including structural and distinctiveness components of RICO "enterprise"); *cf. also generally* Platek at *2 (claims that Safeguard's preservation activities constituted "[home] break in[s]" were "legal conclusions cast in the form of factual allegations") (citation to originally quoted source omitted). The relevant arguments and analyses will not improve with repetition, and it suffices to say that Plaintiffs' Third Amended Complaint is

---

[1] Again, this decision is limited to the allegations and theories before the Court. The Court need not speculate as to circumstances that may result in a different outcome; it suffices to say that this case does not present them.

insufficient under the legal standards governing RICO, specifically, and the plausibility standards in *Iqbal/Twombly*, more generally.[2]

Finally, the Court finds no "extraordinary circumstances" supporting an exercise of supplemental jurisdiction over Plaintiffs' state law claims. *See* <u>Bright v. Westmoreland County</u>, 380 F.3d 729, 751 (3d Cir.2004) (citation to quoted source omitted). This is particularly true given the Court's determination that, under the circumstances presented, any legitimate grievances on the part of Plaintiffs would relate to "seemingly routine behavior[s] traditionally governed by . . . common-sense[,] common law principles" in state court. Given the absence of diversity jurisdiction, the Court sees little reason to wade in.

For all of the reasons stated above, Defendants' Motions for Judgment on the Pleadings (**Docs. 39 & 44**) are **GRANTED** regarding Plaintiffs' federal claims, and those claims are DISMISSED WITH PREJUDICE. Otherwise, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, and those claims are dismissed without prejudice to adjudication in state court. Having thus resolved all matters before it, the Court will enter an Order under Federal Rule 58 and mark this case closed.

IT IS SO ORDERED.

March 5, 2015                                                s\Cathy Bissoon
                                                             Cathy Bissoon
                                                             United States District Judge

cc (via ECF email notification):

All counsel of record

---

[2] The Court sees no justification for granting further leave to amend. *See* text Order dated Apr. 7, 2014 (granting Plaintiffs leave to file Third Amended Complaint, over Safeguard's objection, on condition that, "[a]bsent extraordinary circumstances, the Court will not grant any further requests . . . to amend the pleadings"). Plaintiffs and their counsel have proven knowledgeable regarding this area of the law, and the Court is confident that they already have made best efforts to survive Rule 12(b)(6).